UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1423 FMO (AGRx) | Date | **March 6, 2017** |
|---|---|---|---|
| Title | **Corrugated Synergies International, LLC v. GoldenCorr Sheets, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   **(In Chambers) Order to Show Cause re Subject Matter Jurisdiction and Venue**

On February 22, 2017, plaintiff Corrugated Synergies International, LLC ("plaintiff") filed a complaint against GoldenCorr Sheets, LLC ("defendant") for breach of a Consultation and Fee Agreement ("Agreement") and intentional interference with contract. (See Dkt. 1, Complaint at ¶¶ 29-54).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. See Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675. Federal subject matter jurisdiction may be established on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Citizenship is determined as of the time the lawsuit is filed. Lew v. Moss, 797 F.2d 747, 750 (1986).

Here, plaintiff alleges that it is a Washington limited liability company with a principal place of business in Renton, Washington. (See Dkt. 1, Complaint at ¶ 1). Plaintiff alleges that defendant is a California limited liability company, with a principal place of business in City of Industry, California, whose members are Jellco Container, Inc., Fleetwood-Fibre Packaging &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1423 FMO (AGRx) | Date | **March 6, 2017** |
|---|---|---|---|
| Title | **Corrugated Synergies International, LLC v. GoldenCorr Sheets, LLC** | | |

Graphics, Pacific Western Container, and Georgia-Pacific Corrugated LLC. (See id. at ¶ 2). Because both plaintiff and defendant are unincorporated associations, the Complaint must allege the citizenship of each of plaintiff's and defendant's partners, members, or owners to properly assert subject-matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenship of all of its members.").

Moreover, plaintiff has pled the existence of the Agreement, but has not attached that agreement as an exhibit or pled whether the Agreement contains a choice of forum provision. (See, generally, Dkt. 1, Complaint). "[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' under the circumstances." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972)).

Based on the foregoing, IT IS ORDERED THAT no later than **March 13, 2017**, plaintiff shall file a Response to this OSC, not to exceed five (5) pages, addressing why this action should not be dismissed for lack of subject matter jurisdiction or transferred pursuant to the terms of the Agreement. Among other things, plaintiff shall identify the citizenship and residence of each of its and defendant's partners, members, and owners. Plaintiff shall also attach the Agreement as an exhibit to its Response. Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |